Oleta Christian **RICHMOND** and Helen Christian Terry, Petitioners,

v.

Ralph **CHRISTIAN,** Respondent.

Supreme Court of Tennessee.

Aug. 22, 1977.

Bride and Bergland, with the electors pledged to them listed in the same manner as statewide political party nominees.

Tom H. Rogan, Rogersville, M. Lacy West, Kingsport, for petitioners.

Charles E. Fraley, Jr., Church Hill, Phillip L. Boyd, Rogersville, David L. Brand, Mount Carmel, for respondent.

## OPINION

BROCK, Justice.

Mrs. Sally Christian died at the age of 83 leaving as her survivors two daughters, Oleta Christian Richmond and Helen Christian Terry, and one son, Ralph Christian. Twenty days prior to her death Mrs. Christian executed and delivered to her son a deed conveying to him in fee simple the only land she owned, a tract of 29.2 acres. The two daughters brought this action against their brother seeking to have the deed set aside upon the grounds that their mother did not have mental capacity to execute the deed and that its execution was the result of undue influence exercised by their brother who occupied a confidential relationship to his mother who, they allege, acted without the benefit of independent advice.

The Chancellor found that the grantor did possess mental capacity to execute the deed, a finding of fact which was affirmed by the Court of Appeals and is binding in this Court. The Chancellor further found that, although the grantee son did occupy a fiduciary relationship with his mother, the

grantor, undue influence was not proven because Mrs. Christian had received the benefit of independent advice from an attorney, Henry Price, who had been employed by the grantee to prepare the deed and assisted the grantor in its execution. Accordingly, the Chancellor dismissed the complaint.

The Court of Appeals affirmed the decree of the Chancellor, finding that, although a confidential relationship existed between the grantor and grantee which raised a presumption that the deed was invalid, the presumption had been overcome by evidence that the deed had been executed in accordance with Mrs. Christian's intent and that she understood both the import and the consequences of her act. The Court of Appeals, therefore, held that, under the circumstances shown in this case, it was not necessary for the grantee to prove that the grantor had received the benefit of independent advice. Therefore, the court pretermitted the question whether or not the advice given to the grantor by attorney Price met the requirements of the rule of independent advice.

We find the following facts to be material to the issues raised. During the last year of her life, the health of the grantor steadily worsened, requiring that she be hospitalized on several occasions. In late 1970 she had instructed her son, the grantee, to contact an attorney and have a survey made and three deeds drafted dividing her 29.2 acres of land into three parcels, one for each of her three children. These deeds were drafted by attorney Henry Price and were signed by Mrs. Christian but were not delivered to the respective grantees. Soon thereafter the decedent became bedridden and from April, 1971, until her death in July of that year her son, the defendant, lived with her in her home and took care of her. She was totally dependent upon the defendant for conduct of business transactions as well as attending to her personal needs. Sometime after her last hospitalization, the decedent apparently changed her mind about the equal division of her property and instructed her son to again contact an attorney and have a single deed drafted,

transferring the entire tract to him, without reserving to herself a life estate. Her son, the defendant, again contacted attorney Price on June 11, 1971, and Mr. Price drafted the deed and delivered it to the decedent on the same day. On this occasion, attorney Price had a brief conversation with Mrs. Christian and read the deed to her, reminded her that the deed transferred all of her real estate to her son and asked her if that was what she desired to do. Her reply was in the affirmative. The defendant and two of his friends were present during this conversation. The two friends, James Patterson and Billy Gray, testified at the hearing in this case that they were present to witness Mrs. Christian's will which was read to Mrs. Christian by attorney Price who explained to her that it bequeathed only her personal property to her son, to which she replied "that's all that's left." Attorney Price testified that he was not requested to and did not attempt to privately counsel with Mrs. Christian respecting the advisability of the disposition of all her property to her son to the exclusion of her two daughters.

■ It is well established that when two parties enter into a confidential or fiduciary relationship and the dominant party receives a gift or other benefit from the other party a presumption arises that some improper advantage was taken " . . . either of the confidential relation existing . . . or of the weakness and frailty of the party from whom the benefit was received, . . ." thus rendering the transaction invalid. *Graves v. White,* 63 Tenn. 38, 4 Baxt. 38 (1874); *Turner v. Leathers,* 191 Tenn. 292, 232 S.W.2d 269 (1950); *Roberts v. Chase, et al.,* 25 Tenn.App. 636, 166 S.W.2d 641 (1942); *Hollis v. Thomas,* 42 Tenn.App. 407, 303 S.W.2d 751 (1957).

■ The presumption of invalidity, however, is rebuttable and the rule in this State is that clear and convincing evidence of fairness will suffice. Proof that the donor received independent advice respecting the consequences and advisability of the gift is one example, but not the only one, of such

proof of fairness. *Roberts v. Chase, supra; Peoples Bank v. Baxter, et al.,* 41 Tenn.App. 710, 298 S.W.2d 732 (1956); See also *Hester v. Hester,* 81 Tenn. 189, 13 Lea. 189 (1884).

■ Independent advice is ordinarily required where it is a reasonable requirement and where the circumstances are such that it would be difficult to show the fairness of the transaction without proof of independent advice, particularly, where the donor is impoverished by the gift in question or the gift seems to be unnatural under the circumstances of the case. *Miller v. Proctor,* 24 Tenn.App. 439, 145 S.W.2d 807 (1940); *Roberts v. Chase, supra* ; *Hollis v. Thomas, supra.*

In *Roberts v. Chase, supra,* Mr. Justice Felts explained that the strength of the presumption of invalidity varies with the circumstances of each case and, therefore, that the strength of the rebutting evidence must vary proportionally:

"The circumstances of some transactions are such that the only way in which the fiduciary can rebut the presumption of invalidity is by showing that his principal had the benefit of independent advice (citations omitted). Mr. Pomeroy says:

'The question as to whether such independent advice is essential is ordinarily determined with respect to the nature of the confidence reposed, the nature of the transaction and the circumstances in each particular case. In other words, a rule requiring proof of independent advice is ordinarily applied where it is a necessary requirement and where the circumstances are such that it would be difficult to show the fairness of the transaction without proof of independent advice. *The rule is peculiarly applicable in gift cases, particularly where the effect of the gift is to impoverish the donor.* . . In such cases proof of independent advice is frequently the only way in which the presumption of undue influence or unfairness can be rebutted, and in which it can be shown that the donor was acting independently and with full appreciation of what he was doing.' "

(Quoting 3 POMEROY'S EQUITY JURISPRUDENCE, § 956b at 797–798 [5th ed. 1941].) (Emphasis added.) 166 S.W.2d 641, 651.

In *Turner v. Leathers, supra,* this Court considered a case quite similar to the one at bar. The donor there was 90 years of age at the time the gift was made and was afflicted with Bright's disease and arteriosclerosis. He was very feeble, physically and mentally, and was utterly dependent upon the donee. The Court held that:

" . . . Under the circumstances presented in this case, on account of the age, physical and mental deterioration of the donor, and where he is under the unquestioned 'dominion and control' of the donee, it is necessary that he have competent, independent advice . . ." 232 S.W.2d at 271–272.

■ We reaffirm the rule that proof of independent advice is not essential in every case to rebut the presumption of invalidity which arises when the dominated party in a fiduciary or confidential relation makes a gift or confers a benefit to the dominant party, but we are of the opinion that the Court of Appeals erred in holding that proof of independent advice was not necessary in the case at bar.

■ We conclude that the facts shown in the record are analogous to those in *Turner v. Leathers, supra,* and that in this particular case proof of independent advice is essential to rebut the presumption. Here, the dominated donor made a gift which denuded her of all her realty, thus impoverishing her. Furthermore, she was very old and physically debilitated, and was feeble to the point of needing help with virtually every personal need. Her son was living with her every day in her house and she appears to have entrusted to him her life and all of her belongings. Likewise significant is the fact that, without apparent reason, Mrs. Christian suddenly changed her plan to make an equal division of her real estate among her three children and, instead, decided to make a wholesale transfer to her son. Considering these facts and circumstances as a

whole, we conclude that without proof of independent advice the presumption of invalidity has not been rebutted. We cannot agree with the Court of Appeals that other proof in the record rebuts the presumption.

■ Thus, the question arises whether or not proof of independent advice is shown in this case. This Court in *Turner v. Leathers, supra,* defined adequate proof of independent advice as follows:

" 'Proper independent advice in this connection means that the donor had the preliminary benefit of conferring *fully and privately* upon the subject of his intended gift with a person who was not only competent to inform him correctly as to its legal effect but who was furthermore so disassociated from the interests of the donee as to be in a position to advise with the donor impartially and confidently as to the consequences to himself of his proposed benefactions.' " (Emphasis added.) 232 S.W.2d at 271.

Measured by this test, we conclude that the conversation between attorney Price and Mrs. Christian did not amount to proof of independent advice. The conversation was not private. The defendant donee was seated across the room facing the donor during the conversation and James Patterson and Billy Gray were likewise present and listening to the conversation. This Court held in *Lanius v. Donnell,* 222 Tenn. 58, 432 S.W.2d 659 (1968) that the presence of the donee rendered a conference with the donor ineffective as proof of independent advice since the rule of privacy was violated.

Furthermore, we are unable to conclude that attorney Price, who was employed by the donee, was " . . . so disassociated from the interests of the donee as to be in a position to advise with the donor impartially and confidently . . . ," as required in the rule above-stated from *Turner v. Leathers.* We think it obvious that advice to Mrs. Christian from attorney Price could not be "independent." His duties as an attorney were to his client, the donee.

Moreover, the decedent apparently did not seek and, certainly, did not receive advice from an independent source concerning the advisability of the transfer to her son. Attorney Price admitted this in his testimony; his discussion of the transaction with Mrs. Christian was cursory at best. He merely determined that she knew that the deed transferred the entire tract to her son and that such a transfer was what she intended. This falls short of the requirement of the rule stated in *Turner v. Leathers, supra,* that the independent advice be complete as well as private. In that case, the donor met with an alleged independent advisor and told him that he knew what he was doing and intended to do it; but, the court observed:

"It is not a question of whether he knew what he intended to do, but *how this intention was produced, whether it was by abuse of a confidential and fiduciary relation.*" (Emphasis added.) 232 S.W.2d at 271.

Courts should exercise the utmost care and caution before concluding that the solemn act of a decedent, such as execution of a deed or will, should be invalidated; but, it is equally important that they be vigilant to prevent imposition upon those who are weak, frail, and vulnerable to the influence and importunities of others who exercise a dominant position over them. In this case, we find nothing in the record to show that Mrs. Christian had a sudden, dramatic change in feeling toward her daughters after the deeds were drafted making an equal division of her property between her daughters and her son. The daughters visited their mother regularly during her illness after the December, 1970, hospitalization and at least one of them, Mrs. Richmond, visited her every day. Mrs. Terry testified that her mother had always told her the estate would be equally divided among the children. The daughters were not informed of the new deed conveying the entire tract to the defendant until after the death of their mother. Unfortunately, the record also discloses that the defendant harbored animosity toward his sisters, so much so, that he refused to let them enter their mother's home following her death.

In conclusion, we hold that the facts and circumstances of this case are such that the presumption of invalidity of the deed from Mrs. Christian to her son, the defendant, is so strong that proof of independent advice to the donor would be required to rebut it and that such independent advise is not shown by the proof in this case. Accordingly, the decrees of the Court of Appeals and of the Chancery Court for Hawkins County are reversed and the deed described in the pleadings from Mrs. Sally Christian to the defendant Ralph Christian is invalidated. Costs of appeal are taxed against the respondent.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.