IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 18, 2011 Session

## EASTER BAUGH v. BARBARA THOMAS, ET AL.

**Appeal from the Chancery Court for Coffee County**
**No. 04-61      Walter C. Kurtz, Senior Judge**

_____

**No.  M2010-01054-COA-R3-CV - Filed April 12, 2011**

_____

Nephew of grantor of quitclaim deed conveying property to grantor's sister appeals the declaration that the deed was null and void based on a finding that the nephew exercised undue influence on grantor.  Finding that the evidence does not preponderate against the trial court's finding of a confidential relationship between grantor and nephew and in light of nephew's failure to rebut the presumption of undue influence raised thereby, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Larry Moore, Nashville, Tennessee, Pro Se.

Gerald Leighton Ewell, Jr., Tullahoma, Tennessee, for the appellee, Easter Baugh.

**MEMORANDUM OPINION**[1]

I.  Background and Procedural History

_____

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff, Easter Baugh, daughter of the late James C. Biles, filed suit in February 2004 seeking to have a quitclaim deed that purported to convey property on College Street in Manchester, Tennessee, to Mr. Biles' sister, Sallie Nelson, declared null and void and to quiet title to the property in her. Ms. Baugh alleged that the property had been devised to her under Mr. Biles' will dated January 7, 1998, and that, at the time of his death, Mr. Biles owned the College Street property. The quitclaim deed she sought to have declared null and void had been prepared by Mr. Biles' nephew, Larry Moore, and was signed by Mr. Biles and notarized on April 28, 1999; it was not recorded until August 28, 2001, more than two months after Mr. Biles' death.

The complaint alleged that Sallie Nelson, grantee under the quitclaim deed, had died intestate and without surviving issue; named as respondents were Sallie Nelson's surviving heirs at law Ella Moore, Barbara Thomas, Edna Thomas, Janice Thomas, Kathy Thomas, Charles Biles, Michael Biles, Mae Norton and Carolyn Hutchins. Respondent Ella Moore filed a cross-petition against the remaining respondents, asserting that she was the sister and sole heir at law of Sallie Nelson and seeking a declaration to that effect. The court subsequently entered judgment by default against all of the cross-respondents, except Ms. Baugh, for failure to respond to the cross-petition. Following the death of Ella Moore, an order was entered substituting her heirs at law, Brenda Tibbs, Cassandra McKissack, and Larry Moore, as respondents and counter-petitioners.

Trial was held before Chancellor John Rollins on February 5, 2007.[2] Ms. Baugh sought to set aside the quitclaim deed on grounds that Mr. Moore exerted undue influence on Mr. Biles in the preparation of the deed. Mr. Moore claimed ownership of the property based on the theory that the quitclaim deed to Ms. Nelson was valid, and that Ms. Nelson had later deeded the property to him. At the close of proof, Chancellor Rollins ruled that "Mr. Moore by his actions has clearly, unequivocally, influenced [Mr. Biles] to change that deed, and I think the deed is void." That ruling was never reflected in a final order, however, because Chancellor Rollins became ill and passed. Thereafter, Senior Judge Walter Kurtz assumed responsibility for the case.

On March 18, 2010, Judge Kurtz issued a memorandum opinion stating that he had read and certified his familiarity with the record and that he could find no reason that he could not effectuate Chancellor Rollins' ruling; he directed Ms. Baugh's attorney to prepare an order consistent with the ruling. Judge Kurtz subsequently entered a decree declaring the quitclaim deed null and void and vesting ownership in the property in Ms. Baugh.

---

[2] Trial had initially commenced before Circuit Court Judge Craig Johnson in October 2006. During the early part of the trial, Judge Johnson recused himself and referred the case to Chancellor Rollins. Trial was recommenced before Chancellor Rollins.

Mr. Moore appeals, articulating the following issues.

1. Was the deed by Mr. Biles to his sister, Ms. Nelson, a valid deed?

2. Was the deed procured by "undue influence" from Mr. Moore?

3. Was the evidence adduced at the trial sufficient to support a finding that the deed was procured from Mr. Biles through "undue influence" by Mr. Moore?

Ms. Baugh raises the following issues:

1. Whether the purported conveyance from Mr. Biles to Mr. Moore is void due to undue influence.

2. Whether the conveyance was supported by consideration and thus is void.

3. Whether this appeal was frivolous pursuant to Tenn. Code Ann. § 27-1-122.

## II. Standard of Review

The trial court found that Mr. Moore exerted undue influence on Mr. Biles with reference to the quitclaim deed and declared the deed null and void on that ground. Because this case was tried without a jury, our review of the trial court's findings of fact is *de novo*, accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). Our review of the trial court's determinations regarding questions of law is *de novo* with no presumption of correctness. *See Staples v. CBL Associates, Inc.,* 15 S.W.3d 83, 88 (Tenn. 2000); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

## III. Discussion

In Tennessee a presumption of undue influence arises where a confidential relationship is found to exist, followed by a transaction wherein the dominant party receives a benefit from the other party. *Matlock v. Simpson*, 902 S.W.2d 384, 385 (Tenn. 1995) (citing *Halle v. Summerfield*, 287 S.W.2d 57 (Tenn. 1956); *Turner v. Leathers*, 232 S.W.2d 269 (Tenn. Ct. App. 1950); Roberts v. Chase, 166 S.W.2d 641 (Tenn. Ct. App. 1942)). This presumption can only be rebutted by clear and convincing evidence of the fairness of the transaction. *Id.*; *see also Richmond v. Christian,* 555 S.W.2d 105, 107 (Tenn. 1977).

Evidence at trial included testimony of Mr. Moore that for a period of about four years, including the year in which the quitclaim deed was prepared, Mr. Biles was dependent on Mr. Moore for transportation and for certain aspects of his daily well-being. Mr. Moore acknowledged that he acted as advisor to Mr. Biles with reference to a suit brought by a bank to recover funds stolen from Mr. Biles' account by Mr. Moore's sister; Mr. Moore signed the settlement document as witness to Mr. Biles' signature and attesting to Mr. Biles' understanding of and agreement to the terms of settlement. There was also testimony regarding other relatives of Mr. Biles who, at various times, lived in the house with him, including his sister Sally Nelson, who was the grantee under the quitclaim deed and the aunt of Mr. Moore, and Cassandra McKissack, the sister of Mr. Moore's and who was convicted of theft of Mr. Biles' funds. Giving due weight and deference to the trial court's findings,[3] the evidence does not preponderate against the finding that a confidential relationship existed between Mr. Biles and Mr. Moore, thereby raising a presumption of undue influence with respect to the deed.

The proof necessary to overcome the presumption of undue influence must be clear and convincing. *Matlock*, 902 S.W.2d at 386; *Richmond*, 555 S.W.2d at 107. In the present case, defendants failed to put forward any proof showing the fairness of Mr Biles' execution of the quitclaim deed, that he received independent advice respecting the advisability or consequences of executing the deed, or to provide a factual context for its execution. Independent advice is ordinarily required where it is a reasonable requirement and where the circumstances are such that it would be difficult to show the fairness of the transaction without proof of independent advice. *Miller v. Proctor*, 145 S.W.2d 807, 811-12 (Tenn. Ct. App. 1940). Proof of independent advice or other facts showing fairness would be reasonable in this case, where the quitclaim deed was prepared by a family member the year after Mr. Biles had executed a will specifically devising the property to someone other than the grantee under the deed and where the consideration listed in the deed for the property was one dollar. Given Mr. Biles' age and dependency on various of his family members for assistance, as well as the proof that some family members took advantage of him in various ways, the absence of any proof to rebut the presumption created by the confidential relationship or to in any way show the fairness of the transfer or any benefit to Mr. Biles as a result of the transfer is fatal.

The court's finding that Mr. Moore exercised undue influence on Mr. Biles is supported by the evidence and its resulting declaration that the quitclaim deed was null and void is not erroneous.

_____

[3] The trial judge saw and heard the witnesses, observed their manner and demeanor, and was therefore in a much better position to judge the weight and value of their testimony than is the appellate court. *See Duncan v. Duncan*, 686 S.W.2d 568, 571 (Tenn. Ct. App. 1984).

IV. Attorneys Fees

Ms. Baugh requests that she be awarded attorney's fees and costs incurred in the defense of this appeal. Tenn. Code Ann. § 27-1-122 allows this Court to make an award of fees upon a determination that the appeal was "frivolous or taken solely for delay." In light of the issues presented and the record, this appeal is not frivolous within the contemplation of Tenn. Code Ann. § 27-1-122. *See Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001) (citing *Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998); *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

V. Conclusion

For the foregoing reasons, the judgment of the Chancery Court is AFFIRMED.

Costs of this appeal are assessed against Larry Moore.

_____
RICHARD H. DINKINS, JUDGE