**Geraldine A. KELLY, Petitioner,**

v.

**Susie McBride ALLEN et al.,
Respondents.**

Supreme Court of Tennessee.

Dec. 5, 1977.

James S. Shields, Shields & Levit, Memphis, for petitioner.

Rives A. Manker, Memphis, for respondents.

## OPINION

HENRY, Justice.

This is a suit in chancery seeking the rescission of a deed from a mother to a daughter upon the grounds of fraud and undue influence. The Chancellor dismissed the complaint and the Court of Appeals reversed. In our view the Chancellor reached the correct results. Accordingly, we reverse the Court of Appeals.[1]

### I.

Respondents challenge a quitclaim deed executed by Susie McBride Allen on May 10, 1975, conveying to her daughter, Geraldine A. Kelly, a tract of real estate situated on Summer Avenue, in Memphis, upon the grounds of fraud, misrepresentation, undue influence, lack of independent advice and absence of consideration. At the time of the conveyance the grantor was approximately eighty-eight years of age. The deed conveyed all the grantor's real estate. It did not, however, operate to pauperize her in view of the fact that she had income totaling approximately $8,780.00 per year. Further she had cash to the extent of approximately $46,000.00. The deed was recorded on May 12, 1975. On that same date these funds were transferred to an account in the joint names of Susie Allen and the petitioner, Geraldine Allen. They were retransferred at a later date and these funds are not involved in this controversy except to establish a pattern allegedly pursued by petitioner.

On April 18, 1975, Susie McBride Allen addressed a letter to her daughter, the petitioner, who was a resident of Houston, Texas, which read in relevant part, as follows:

My dear child:

Ive [sic] been days, now months to say to you, come now, to me, while I'm *yet* here, to tie *this home* up, So no one can take it away from you. We, you and I are all that owns it if you can "quickly" come in & sign *these papers* now is the time, come while you can, and I'm yet here, otherwise you'll lose all there is! ! ! !

Tell Les to see that you come imediately [sic]? (Emphasis in original)

---

1. This suit is incorrectly styled. The record shows that the Chancellor decreed that Mary A. Wylie and Rives Manker be "substituted as plaintiffs for Susie McBride Allen." Thereafter, the case in chancery should have been styled in the names of the substituted plaintiffs. We have retained the incorrect style in order to conform to the designation used in Chancery Court, the Court of Appeals and, on brief, in this Court.

After receiving this letter, petitioner came to Memphis and arranged with an attorney of her selection to prepare a quit-claim deed. She further arranged for a druggist, who was also a notary public, to take the acknowledgement. This was on May 10, 1975. Eleven days later, on May 21, 1975, Susie McBride Allen sued for rescission.

There was no direct evidence of fraud, misrepresentation or undue influence. The proof merely establishes the relationship, the opportunity for undue influence and the execution of the deed. Apparently the respondents rest their entire case upon the legal propositions that (1) a gift between persons occupying confidential relations is jealously scrutinized by the courts; (2) the existence of a fiduciary or confidential relationship imposes upon the recipient the burden of establishing its absolute fairness; and (3) the donee of such a gift must show that the donor had independent advice from a competent and disassociated individual.

Reliance upon these general principles apparently caused plaintiffs to limit their proof, with the result that the allegations with respect to fraud, misrepresentation and undue influence are not supported by the record evidence and this suit must fail unless the relationship of the parties *per se* gives rise to a presumption of undue influence.

In dismissing the action, the Chancellor in Memorandum stated:

Mere relationship of parent and child does not of itself create the relationship. There must be a showing of domination or control on one part and of trust and reliance on the other to warrant the nullification of the conveyance.

This is an abbreviated, but accurate, statement of Tennessee law.

The Court of Appeals, in reversing the Chancellor, held that at the time of the execution of the deed "a confidential relationship did exist between the grantor and grantee" and that "competent independent advice was necessary in order to save the conveyance."

## II.

The disposition of this case necessarily depends upon the application of certain controlling principles of law.

■ First we recognize it to be law in this jurisdiction that it is not *influence* that invalidates a conveyance or will but *undue influence*; that "[a] person has a right by fair argument or persuasion to induce another to make a will [sign a deed], and even to make it in his own favor," provided the influence is "exerted in a fair and reasonable manner, and without fraud or deception." Phillips' *Pritchard on Wills*, Sections 130, 131; *Halle v. Summerfield*, 199 Tenn. 445, 287 S.W.2d 57 (1956). In *Halle*, the Court cited with apparent approval the case of *Solari v. Albertine*, 29 Tenn.App. 61, 193 S.W.2d 111 (1945), and with respect thereto noted:

It was there held that mere proof of a confidential relationship "does not raise the presumption that the beneficiary has exercised undue influence over the testator and cast upon her the burden of disproving undue influence"; (citation omitted) that is in the absence of a showing of some activity on the part of the beneficiary in connection with the preparation or execution of the will." 199 Tenn. at 455, 287 S.W.2d at 61.

It is true that in this case the donee procured the attorney who drafted, and the notary who acknowledged the deed; but we think, as did the Chancellor, that this activity was pursuant to the donor's letter insisting that donee "come immediately" and "tie this home up, so no one can take it away from you."

Again, in *Halle*, the Court quoted from A.L.R. with approval:

It is settled that the mere fact that one who benefits by a will had a motive and an opportunity to exert influence over

the testator is not sufficient, *of itself, to create a presumption that the will was the product of undue influence.* 199 Tenn. at 456, 287 S.W.2d at 62.

The landmark case of *Turner v. Leathers*, 191 Tenn. 292, 232 S.W.2d 269 (1950), phrases the general rule in terms of abuse of confidence and the exercise of "dominion and influence" as opposed to the mere existence of the confidential or fiduciary relationship.

In *Peoples Bank v. Baxter*, 41 Tenn.App. 710, 298 S.W.2d 732 (1956), the criterion is framed in terms of a confidential relationship between a "dominated" party and a "dominating" party. *See also Mahunda v. Thomas*, 55 Tenn.App. 470, 402 S.W.2d 485 (1965).

In *Vantrease v. Carl*, 56 Tenn.App. 636, 643, 410 S.W.2d 629, 632 (1966), the Court recognized that a mere confidential relationship "does not raise a presumption that the beneficiary has exercised undue influence over the testator and does not cast the burden on the beneficiary of disproving undue influence."

And in *Iacometti v. Frassinelli*, 494 S.W.2d 496, 499 (Tenn.App.1973), the Court held that "[p]roof of the existence of the normal family relationship between a parent and adult child, standing alone, does not give rise to an inference or presumption that either one exercises any dominion and control over the other."

In *Robinson v. Robinson*, 517 S.W.2d 202, 206 (Tenn.App.1974), the Court of Appeals for the Eastern Section, makes it clear that "the relationship of parent and child does not, per se, create a confidential relationship," and "does not raise a presumption that a deed from the parent to the child is invalid."

Finally, in our recent case of *Richmond v. Christian*, 555 S.W.2d 105 (Tenn.1977), we applied the presumption on the basis of a gift made to a "dominant party" and under a factual situation making independent advice mandatory.

In line with these authorities we hold that the normal relationship between a mentally competent parent and an adult child is not *per se* a confidential relationship and raises no presumption of the invalidity of a gift from one to the other. In order for such a presumption to arise there must be a showing that there were present the elements of dominion and control by the stronger over the weaker, or there must be a showing of senility or physical and mental deterioration of the donor or that fraud or duress was involved, or other conditions which would tend to establish that the free agency of the donor was destroyed and the will of the donee was substituted therefor. In such cases the rules require the application of the presumption and the rule of independent advice comes into play.

These rules, of course, are not applicable in those cases where a fiduciary relationship exists, e. g., guardian and ward, trustee and cestui que trust, or any other relationship where the law prohibits gifts or dealings between the parties. We, therefore, restrict this holding to the parent-child relationship.

In the case at bar, we find no fact or circumstance, or combination thereof, that would operate to invalidate the conveyance from Mrs. Allen to her daughter. We agree with the Chancellor that her decision was made while she was in Memphis and the daughter was in Texas. It was merely finalized in Tennessee.

The decision of the Court of Appeals is Reversed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concurring.