Lonnie MATLOCK and Linda Joann
Matlock, Plaintiffs–Appellees,

v.

Paul SIMPSON, Defendant–Appellant.

Supreme Court of Tennessee,
at Jackson.

Feb. 13, 1995.

Stephen Craig Kennedy, Selmer, for appellant.

James D. Gass, Jackson, for appellees.

## OPINION

WM. H.D. FONES, Sr., Special Judge.

This is a will contest brought by the son and daughter of the testator, L.T. Matlock. His attorney, Paul Simpson, drafted the will and was the principal beneficiary and executor. The jury found in favor of the will. The Court of Appeals reversed and remanded for a new trial, holding that the jury instructions contained two errors. First, the trial judge gave an instruction that submitted to the jury the determination of whether or not a confidential relationship existed between the testator and his lawyer, that relationship having been established as a matter of law. Second, that it was error to charge that the presumption of undue influence arising from the confidential relationship could be rebutted by a preponderance of the evidence, the correct standard being, clear and convincing evidence.

We agree with the Court of Appeals and granted the Rule 11 Application to resolve the conflict between reported cases on the standard of proof required to rebut the presumption.

## I.

Defendant was licensed to practice law in Tennessee in 1962 and has practiced in Selmer since 1965. He performed some legal work for Matlock between 1966 and 1986. In 1986, 1987, 1988 and 1989, Simpson prepared wills for Matlock.

In the 1986 will, Matlock left his property to his son Lonnie. In the second and the third will, his son and daughter, Linda, were beneficiaries. The two wills in 1989 left most of the testator's estate to Simpson. Simpson was named executor in all of the wills he prepared for Matlock.

Matlock had cardiac surgery in 1984, and in 1986, he sustained a fractured hip. By 1989, he was looking for someone to help him take care of his business, see that he had proper nursing care and make the funeral arrangements. It appears from the abridged record in this Court that his children nor any of his relatives were in a position to satisfy his concerns.

On September 6, 1989, Matlock executed a power of attorney naming Simpson his attorney-in-fact with full authority to handle his business affairs and assets as fully as Matlock could, acting for himself. On that same date he executed a will leaving all of his property to Simpson, except some personal items that he bequeathed to Mrs. King, who had lived with Matlock and his deceased wife.

Simpson testified that Matlock:

[C]ouldn't take care of his own business and he didn't have anybody else to do it and he wanted me to do it.... he wanted me to take what money he had and see that he was going in the nursing home and see that he had a proper burial.... and the only way I knew to do it so he could know that it was being done, what he wanted, was to prepare the power of attorney and the will. I explained those to him, and that's what he said he wanted to do.

Simpson and Mrs. King witnessed the will. He later decided that a will witnessed by two beneficiaries might not be valid. He prepared another will, identical to the one of September 6, and Matlock executed it on October 2, 1989. It was witnessed by two disinterested witnesses in a hospital room.

Simpson was present. Matlock died on February 4, 1990, leaving an estate apparently valued between thirty and forty thousand dollars.

The jury found the will valid and the Court of Appeals reversed, as explained above.

## II.

■ Tennessee cases have consistently held that the *existence* of a confidential or fiduciary relationship, together with a transaction by which the dominant party obtains a benefit from the other party, gives rise to a presumption of undue influence that may be rebutted. The early cases involved alleged confidential relationships between family members and the issue of whether or not a confidential relationship *existed*, if not admitted, was a question of fact. *Roberts v. Chase,* 25 Tenn.App. 636, 166 S.W.2d 641 (1942); *Turner v. Leathers,* 191 Tenn. 292, 232 S.W.2d 269 (1950); *Halle v. Summerfield,* 199 Tenn. 445, 287 S.W.2d 57 (Tenn.1956).

In *Kelly v. Allen,* 558 S.W.2d 845 (Tenn. 1977), on the question of whether a confidential relationship existed between mother and daughter, the court held that the normal relationship of parent and child was not, per se, a confidential relationship and required that elements of dominion and control that would tend to destroy the free agency of the donor be shown to invoke the presumption of undue influence. The court followed with the statement that, "These rules ... are not applicable in those cases where a fiduciary relationship exists, e.g., guardian and ward, trustee and cestui que trust, or any other relationship where the law prohibits gifts or dealing between the parties." 558 S.W.2d at 848.

■ In *Parham v. Walker,* 568 S.W.2d 622 (Tenn.App.1978), the legal relationship of conservator-ward existed between the beneficiary and testatrix at the time of the execution of the will. Citing *Kelly v. Allen, supra,* the court held that proof of the conservator-ward relationship was proof, as a matter of law, of the existence of a confidential relationship giving rise to the presumption of invalidity. The court commented on the distinction between "legal confidential relation-

ships" and the confidentiality inherent in "family and other relationships", which require proof of the elements of dominion and control, citing *Kelly v. Allen, supra. Mitchell v. Smith,* 779 S.W.2d 384 (Tenn.App.1989) reaffirms that distinction. Also, *Mitchell* holds that an unrestricted power of attorney, in and of itself, creates a confidential relationship between the parties. We agree.

It follows that the trial court erred in failing to charge the jury that, as a matter of law, a confidential relationship existed between Matlock and Simpson, based on both the attorney-client relationship and the grant of an unrestricted power of attorney.

### III.

■ The dominant rule in Tennessee and elsewhere is that the existence of a confidential relationship, followed by a transaction wherein the dominant party receives a benefit from the other party, a presumption of undue influence arises, that may be rebutted only by clear and convincing evidence of the fairness of the transaction. *Roberts v. Chase, supra; Richmond v. Christian,* 555 S.W.2d 105 (Tenn.1977); *Hogan v. Cooper,* 619 S.W.2d 516 (Tenn.1981); *Brown v. Weik,* 725 S.W.2d 938 (Tenn.App.1983); *Estate of Depriest v. Allen,* 733 S.W.2d 74 (Tenn.App. 1986); 19 A.L.R.3d 575, 596.

In *Turner v. Leathers,* 191 Tenn. 292, 232 S.W.2d 269 (1950) this Court did not refer to the standard of proof required to overcome the presumption, but applied the rule of independent advice as the requirement necessary to rebut the presumption of invalidity. That requirement may be said to be tantamount to the clear and convincing standard. The rule of independent advice is also discussed and applied in *Richmond v. Christian, supra.* It may be that the rule of independent advice is applicable in the instant case, but it would be inappropriate for this Court to so rule, because the record of the first trial filed in the Appellate Courts was substantially abridged.

The subject of the annotation in 19 A.L.R.3d 575, is "Undue Influence in Gift to Testator's Attorney." Section 5(b) is entitled, "Degree of Proof Sufficient to Overcome Presumption." The first paragraph of that *section* reads as follows:

It has generally been recognized that the evidence necessary to overcome a pre-

sumption of undue influence arising from a testamentary gift to an attorney must be clear, convincing and satisfactory. 19 A.L.R.3d at 596.

Cases are cited in support of that rule from California, New Jersey, Oregon and Pennsylvania. An earlier annotation in 24 A.L.R.2d at 1293 cites cases from Iowa, Massachusetts, New Hampshire, New York, Virginia and Wisconsin, requiring the clear and convincing standard. *Nicholson v. Shockey,* 192 Va. 270, 64 S.E.2d 813 (1951) is discussed in that annotation. The donee of an inter vivos gift was the attorney and son of the donor. The Virginia court invoked the rule of presumptive invalidity based on the attorney-client relationship and held that to overcome the presumption, the clearest and most satisfactory evidence was required. The court observed that the rule was founded in public policy and based on the ground of constructive fraud, operating independently of any ingredient of actual fraud, being intended as a protection to the client against the strong influence to which the confidential relationship naturally gives rise.

The following Tennessee cases have applied the preponderance of the evidence standard as the requirement to overcome presumption of undue influence arising out of confidential and fiduciary relationships: *Taliaferro v. Green,* 622 S.W.2d 829 (Tenn.App. 1981); *Owen v. Stanley,* 739 S.W.2d 782 (Tenn.App.1987); *Reynolds v. Day,* 792 S.W.2d 924 (Tenn.App.1990); *Crain v. Brown,* 823 S.W.2d 187 (Tenn.App.1991). These cases rely principally on Tennessee Pattern Jury Instruction–Civil 11.60. That is not the correct standard of proof and the cases applying the preponderance standard are overruled in that regard.

The judgment of the Court of Appeals is affirmed and the case is remanded to the trial court for a new trial consistent with this opinion. Costs are adjudged against defendant-appellant Simpson.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.