Dianna FRITTS and Ruth Williams,
Plaintiffs–Appellants,

v.

Jerry ABBOTT and Linda Abbott,
Defendants–Appellees,

**In re ESTATE OF Charles WILLIAMS.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 19, 1996.

Gerald C. Russell, Maryville, for Plaintiffs–Appellants.

F.D. Gibson, Maryville, for Defendants–Appellees.

### *OPINION*

FRANKS, Judge.

Plaintiffs are personal representatives of the estate of Charles J. Williams, and brought this action to set aside conveyances Williams made to defendants. After an evidentiary hearing, the Trial Judge, without a jury, entered judgment for defendants and plaintiffs have appealed.

The issue, as raised on appeal, is "whether under all of the circumstances, a confidential relationship existed between the defendants, Jerry Abbott and Linda Abbott and Charles J. Williams, which justifies setting aside the five transfers from Charles J. Williams to Jerry Abbott and Linda Abbott."

In dispute are transfers made by Charles Williams to the defendants of 72 acres of land, a lease, the copyright to his memoirs, and a grist mill. The transfers took place between June 15, 1989 and July 27, 1991. Williams died in 1992.

The Chancellor found that neither Jerry Abbott nor Linda Abbott exercised any undue influence over Charles Williams. He further found that Williams was in full control of his faculties at all times relevant and that his actions were his own.

The doctrine of undue influence is applicable when a confidential relationship is shown which places one party in a position to exercise control over the mind and will of another. *Bright v. Bright,* 729 S.W.2d 106 (Tenn.App.1986). The requisite elements are:

dominion and control by the stronger over the weaker, or there must be a showing of

senility or physical or mental deterioration of the donor or that fraud or duress was involved, or other conditions which would tend to establish that the free agency of the donor was destroyed and the will of the donee was substituted therefor. *Kelly v. Allen,* 558 S.W.2d 845, 848 (Tenn. 1977).

■ The party seeking to rescind a conveyance based on undue influence has the burden of proof. *Williamson v. Upchurch,* 768 S.W.2d 265 (Tenn.App.1988). The inquiry is whether the weaker party's decision was a free and independent one or whether it was induced by the dominant party. *Id.*

■ A review of the evidence fails to establish a confidential relationship or that the Appellees exercised undue influence over Williams. Appellants offered testimony to show that Williams had expressed his intent to leave the land to his children, and that Jim Abbott had tried to turn Williams against his children, and that Abbott had made promises that induced Williams to give him the properties (promises to build a lake on the property and to renew the copyright on the memoirs). They also opined that near the time period in which defendants were given the properties, Williams suffered from health problems that made him weak, disoriented, and required some use of oxygen.

However, this evidence does not necessarily prove that Williams was dominated by the will of Abbott. There was testimony on behalf of defendants to show that Williams regained some strength. He rescinded the power of attorney he had given his daughter while in the hospital and was able to manage his own financial matters and file his own income tax returns and Medicare forms. He also showed some of his land to a potential buyer.

There was further evidence that Jim Abbott had been a neighbor who had assisted Williams with household chores and worked around the property for 30 years. Abbott also served as a trusted personal friend who assisted Williams when he was sick and was listed on Williams's hospital form as his "next of kin." Williams had expressed that he was giving the land to Abbott because Abbott loved the land and his children did not.

The question of whether a confidential relationship existed is a question of fact. *Matlock v. Simpson,* 902 S.W.2d 384 (Tenn.1995). Our review is *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. T.R.A.P. 13(d). The Trial Judge found that Williams was in control of his mental faculties and that the Abbotts exercised no undue influence to persuade him to make the conveyances. Given the testimony showing Williams' competent mental state, his longstanding friendship with the Abbotts, and his motivation for giving them the land, we cannot say the evidence preponderates against the findings of the trial court, taking into account that the Trial Court saw and observed the demeanor of the witnesses and judged their credibility.

We affirm the Trial Court's judgment and remand at appellants' cost.

SUSANO, J., and INMAN, Senior Judge, concur.