# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

**FILED**

**April 21, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **DOROTHY H. O'SHEA,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Decatur Equity No. 2648 |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **VET CONDER and Wife,** | ) | Appeal No. 02A01-9704-CH-00083 |
| **BETTY CONDER,** | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CHANCERY COURT OF DECATUR COUNTY
AT DECATURVILLE, TENNESSEE

THE HONORABLE J. WALTON WEST, CHANCELLOR

For the Plaintiff/Appellant:                    For the Defendants/Appellees:

Paul Kevin Carter                              Tommy E. Doyle
Lexington, Tennessee                           Linden, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

## OPINION

This case is a suit for rescission of a deed. The plaintiff conservator alleged that the transfer to the defendants of real property for no consideration was the result of undue influence. The trial court granted summary judgment to the defendants. We affirm.

On November 17, 1994, Cecil Hays and his wife, Eva Hays, executed a deed conveying property to their neighbors, Vet Condor and his wife, Betty Condor. The deed transferred a remainder interest in the Hays' house to the Condors in return for consideration of one dollar ($1.00). The Hays also executed a will on this date. Mrs. Hays subsequently died and the Plaintiff/Appellant, Ms. Dorothy O'Shea, was appointed as Conservator for Mr. Hays.

On the day of the transactions in question, the Condors drove the elderly Hays to the law office of Ricky L. Wood, in order to execute the deed and will, which had been prepared by Mr. Wood. When they arrived at Wood's office, the Hays stayed in the car. Wood and his secretary, Stacey Ivey, went out to the car to see the Hays. At some point while Wood was talking to the Hays, the Condors left the car. Wood discussed the nature of the transaction with the Hays. After satisfying himself that the Hays understood what they were doing, Wood witnessed the signing of the deed. During this transaction, Mr. and Mrs. Hays stated in Wood's presence that it was agreed that, in return for conveying the property to the Condors, the Condors would take care of Mr. and Mrs. Hays.

Subsequently, on September 25, 1995, Judge Cornelia A. Clark declared Mr. Cecil Hays unable to manage his personal and business affairs. Both Dorothy O'Shea and Betty Condor had petitioned the Court to be declared conservators. The Court appointed Dorothy O'Shea.

After Ms. O'Shea's appointment as Conservator, she reviewed Mr. Hays' financial records. She found that Mrs. Condor had signed checks for Mr. Hays and she also discovered the deed to the Condors. She then instituted this suit for rescission of the deed, alleging that the transfer was the result of the Condors' undue influence over the Hays. O'Shea alleged that the fact that Mrs. Condor had signed checks for Mr. Hays before he was declared incompetent established that the Condors were in a confidential relationship with the Hays at the time of the transaction.

The Condors filed a motion for summary judgment, contending that there was no confidential relationship, or in the alternative that Mr. Wood's advice at the time the deed was executed was

sufficient to rebut any presumption of undue influence. The trial court found that a confidential relationship existed between the Condors and the Hays, but also found that the presumption of undue influence had been rebutted by Wood's counsel. Consequently, the trial court granted the Condors' motion for summary judgment. From this decision, O'Shea appeals.

On appeal, O'Shea argues that the trial court erred in granting the Condors' motion for summary judgment. O'Shea argues that "curb-side legal advice" cannot sufficiently rebut the presumption of undue influence in this case. Ms. O'Shea also points out that Wood, in his affidavit, does not state whether he advised the Hays that gift tax would be owed as a result of the conveyance. O'Shea argues that, had the Hays received adequate legal advice, they would have filed the gift tax return required by state law.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

In support of their motion for summary judgment, the Condors submitted the affidavits of Wood and his secretary. Both affidavits state that Mr. Hays gave the impression of being a strong-willed person, and that they saw no indication of the Condors' dominion or control over the Hays with respect to the will and deed. Wood stated that the Hays either read the deed and will or had the documents read and explained to them and both appeared competent and capable of transacting business without the aid of others.

2

Under Tennessee law, where a confidential relationship exists, followed by a transaction wherein the dominant party receives a benefit from the other party, a presumption of undue influence arises. *See Matlock v. Simpson*, 902 S.W.2d 384, 385 (Tenn. 1995); *Turner v. Leathers*, 232 S.W.2d 269, 191 Tenn. 292 (1950) (cited in *Matlock*). A "confidential relationship" may be found in a variety of circumstances: "Although our courts have not defined very clearly the elements which must be present for a confidential relationship to exist, it appears that any relation of confidence between persons which gives one domination over the other falls within the category." *Brown v. Weik*, 725 S.W.2d 938, 945 (Tenn. App. 1983) (quoting *Robinson v. Robinson*, 517 S.W.2d 202, 206 (Tenn. App. 1974)). The party asserting the existence of a confidential relationship bears the burden of proving that it existed. Once this is established, undue influence is presumed. This presumption can be rebutted by clear and convincing evidence of fairness. *See Estate of Depriest v. Allen*, 733 S.W.2d 74 (Tenn. App. 1986). Although there are other ways of proving fairness, the evidence may be in the form of proof that the grantor had independent legal advice concerning the transaction. *See Hogan v. Cooper*, 619 S.W.2d 516 (Tenn. 1981); *Simmons v. Foster*, 622 S.W.2d 838 (Tenn. App. 1981) (defendant rebutted presumption of undue influence by demonstrating that decedent was a strong-willed man). "Proper independent advice" has been described as follows:

> Proper independent advice in this connection means that the donor had the [preliminary] benefit of conferring fully and privately upon the subject of his intended gift with a person who was not only competent to inform him correctly as to its legal effect, but who was furthermore so disassociated from the interests of the donee as to be in a position to advise with the donor impartially and confidently as to the consequences to himself of his proposed benefactions.

*Turner v. Leathers*, 232 S.W.2d 269, 271, 191 Tenn. 292, 297-98 (1950) (citing cases).

In this case, although O'Shea questions the competence of Wood's "curb-side legal advice," she offers no evidence to counter the affidavits of Wood and his secretary, stating that the Hays appeared to understand the transaction and did not appear subject to undue influence by the Condors. There is no evidence to support O'Shea's assertions that the Hays would not have conveyed the property had they known of their potential gift tax liability. Under these circumstances, the trial court appropriately granted summary judgment in favor of the Condors.

The decision of the trial court is affirmed.  Costs are assessed against the Appellant, for which execution may issue if necessary.


                                               **HOLLY KIRBY LILLARD, J.**

**CONCUR:**


**W. FRANK CRAWFORD, P. J., W.S.**


**ALAN E. HIGHERS, J.**