IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 7, 2000

## In Re:  ESTATE OF WILLETTE BONITA CARNAHAN, Deceased

**Appeal from the Probate Court for Sumner County**
**No. 98P-2      Honorable Tom E. Gray, Judge**

---

**No. M1999-00494-COA-R3-CV - Filed November 15, 2000**

---

This appeal arises from a will contest in which the defendant has appealed from a jury verdict invalidating a will on the grounds of unsound mind and undue influence.  The deceased executed two wills.  The first will was executed in 1985 naming the plaintiff who was a friend, employee, and the son of the family who cared for her in her later years as the sole beneficiary.  The second will was executed in 1993 naming the defendant, a man who share cropped tobacco on her farm and was paid to mow her lawn, as the sole beneficiary.  The plaintiff alleged that at the time the latter will was executed, the testator was of unsound mind and had been unduly influenced by the defendant.  At trial, the jury returned special findings that the deceased was not of sound and disposing mind on December 29, 1993, when the second will was executed and that she was unduly influenced by the defendant in making the last will and testament.  On appeal, the defendant presents three issues: (1) whether there was material, substantial evidence to support the jury findings, (2) whether the trial judge erred in instructing the jury regarding a presumption of undue influence and the burden of proof on finding a confidential relationship, and (3) whether the trial court erred in assessing court costs against the defendant and not awarding him attorneys fees.  We affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

WILLIAM B. CAIN, J, delivered the opinion of the court in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Phillip C. Kelly and Gwynn K. Smith, Gallatin, Tennessee, for the appellant, Roy Lee Rippy.

C. L. Rogers, Gallatin, Tennessee, for the appellee, Timothy J. Cook.

**OPINION**

FACTS

Willetta Bonita Carnahan died a widow of seventeen years on December 1, 1997, at the age of eighty-four leaving two properly executed and witnessed wills and two powers of attorney.  The first will after her husband's death was executed on April 4, 1985, and the second was executed on

December 29, 1993. A limited power of attorney was executed on October 20, 1987, and a unrestricted power of attorney was executed on December 29, 1993. The defendant offered the 1993 will for probate on January 2, 1998. The plaintiff filed a complaint contesting the validity of the latter will on the grounds of unsound mind and undue influence.

On April 4, 1985, Ms. Carnahan executed a will stating:

I give, devise, and bequeath to TIMOTHY JASON COOK of Simpson County, Kentucky all my property, real, personal and mixed, specifically including my farm of approximately 115 acres located north of Portland, Tennessee.

This devise and bequeath to TIMOTHY JASON COOK is made by me to honor the request and wish expressed by my beloved late husband, EZRA CARNAHAN, shortly prior to his death on October 23, 1979. TIMOTHY JASON COOK has farmed our land since he was boy of approximately 14 years and has provided great help and comfort to myself and to my late husband.

The 1985 will was drawn by attorney John Phillips.

Through the years after her husband's death, Ms. Carnahan's health deteriorated. She suffered from several health problems that required regular medical attention, occasional hospital and nursing home stays, and home health care. As her physical condition deteriorated, she became increasingly dependent upon the plaintiff's family (the "Cooks").

On October 20, 1987, Ms. Carnahan executed a limited power of attorney naming the plaintiff's mother, Beatrice Cook, as her attorney-in-fact for her healthcare. Again, Ms. Carnahan chose to use attorney Phillips to draw the legal document. The Cooks and Ms. Carnahan were neighbors of over forty years and were very close friends. Ms. Carnahan did not have children or any close family members. Up until the time of Ms. Carnahan's death, the plaintiff and his family devoted a significant amount of time to her and performed many services for her.

Without the knowledge of the Cooks, on December 29, 1993, Ms. Carnahan executed a second will naming the defendant as the sole beneficiary, or if he did not survive her, his daughter, Dee Anna Rippy. Also on that date, she executed an unrestricted power of attorney naming the defendant as her attorney-in-fact. The defendant share cropped tobacco on Ms. Carnahan's farm and was paid to mow her lawn. The second will was contrary to her deceased husband's expressed wish, Ms. Carnahan's subsequent affirmations of her intent to leave her estate to the plaintiff, and the years of care, friendship, and devotion exhibited by the Cooks.

The defendant personally recommended, arranged for, and drove Ms. Carnahan to attorney Robert Taylor in Kentucky who ultimately drafted the second will and unrestricted power of attorney in favor of the defendant. Attorney Taylor did not know Ms. Carnahan nor did she know him. Attorney Taylor testified inconsistently at trial regarding events concerning the will and failed to

-2-

correctly spell Ms. Carnahan's name in the will. The defendant actually took part in causing the 1993 will to be obtained and executed.

The plaintiff presented lay and expert testimony including testimony from Ms. Carnahan's regular physician who testified that after 1992 she was unable to manage her affairs and could not have understood or have been reliably assisted in preparing a will. Testimony was introduced that Ms. Carnahan suffered from several conditions including, but not limited to, dementia, poor memory, forgetfulness, confusion, impaired thought processes, and an inability to determine time. The defendant maintains that at all times, Ms. Carnahan was lucid and showed no signs of confusion or dementia.

The plaintiff and his family were not aware of the second will or the unrestricted power of attorney in favor of the defendant until 1996 when the defendant informed the Cooks of the existence of the documents.

The plaintiff contested the 1993 will on the grounds of unsound mind and undue influence. The jury made special findings:

> We, the jury, find that Roy Lee Rippy unduly influenced Willetta Bonita Carnahan, deceased, in making the last will and testament on the 29 th day of December 1993.

> We, the jury, find that Willetta Bonita Carnahan, deceased, was not of sound and disposing mind on the 29th day of December 1993 when she made the last will and testament.

Because this case was heard before a jury, our review is governed by the provision of Tenn. R. App. P. 13(d) that; "[f]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict."

## DISCUSSION

We first address the issue of undue influence. The suspicious circumstances frequently relied upon to establish the existence of undue influence are: (1) the existence of a confidential relationship between the testator and the beneficiary; (2) the testator's physical or mental deterioration; (3) the beneficiary's active involvement in procuring the will or conveyance. *Fell v. Rambo*, No. M1999-01039-COA-R3-CV, 2000 WL 546260, at * 9 (Tenn. Ct. App. May 5, 2000) (citing *In re Elam's Estate*, 738 S.W.2d 169, 173 (Tenn. 1987); *Kelly v. Allen*, 558 S.W.2d 845, 848 (Tenn. 1977); *Taliaferro v. Green*, 622 S.W.2d 829, 835-36 (Tenn. Ct. App. 1981)).

There was substantial, material evidence that all three of the suspicious circumstances were present to some extent. However, the trial judge instructed the jury on the presumption of undue influence. The defendant argues on appeal that the trial judge erred in instructing the jury that, as

a matter of law, a confidential relationship existed between the defendant and Ms. Carnahan raising a rebuttable presumption of undue influence.

In 1993, Ms. Carnahan executed a durable, unrestricted power of attorney in the name of the defendant. While prior law required that the existence of a confidential relationship be proven by the preponderance of the evidence, the supreme court has held that an unrestricted power of attorney, in and of itself, creates a confidential relationship between the person granting the power and the person receiving the power. *Matlock v. Simpson*, 902 S.W.2d 384, 386 (Tenn. 1995).

Generally, a confidential relationship is "any relationship which gives one person dominion and control over another." *Mitchell v. Smith*, 779 S.W.2d 384, 389 (Tenn. Ct. App. 1989) (citing *Kelly v. Allen*, 558 S.W.2d 845, 848 (Tenn.1977); *Turner v. Leathers*, 232 S.W.2d 269, 271 (Tenn. 1950); *Roberts v. Chase*, 166 S.W.2d 641, 650 (Tenn. Ct. App. 1942)). The jury was instructed that the unrestricted power of attorney in the name of the defendant created a confidential relationship between the defendant and Ms. Carnahan. The power of attorney gave the defendant unlimited control of all of Ms. Carnahan's business and personal affairs including control of her person in case of sickness or disability.

It is well settled law in Tennessee that in the face of "the existence of a confidential relationship, followed by a transaction wherein the dominant party receives a benefit from the other party, a presumption of undue influence arises, that may be rebutted only by clear and convincing evidence of the fairness of the transaction." *Matlock*, 902 S.W.2d at 386 (citing *Roberts v. Chase*, 166 S.W.2d 641 (Tenn. Ct. App. 1942); *Richmond v. Christian*, 555 S.W.2d 105 (Tenn. 1977); *Hogan v. Cooper*, 619 S.W.2d 516 (Tenn. 1981); *Brown v. Weik*, 725 S.W.2d 938 (Tenn. Ct. App. 1983); *Matter of Estate of Depriest*, 733 S.W.2d 74 (Tenn. Ct. App. 1986); 19 A.L.R.3d 575, 596)). On the same date the unlimited power of attorney was executed in favor of the defendant, Ms. Carnahan executed a last will and testament leaving her entire estate to the defendant. Because of the unrestricted power of attorney, proof of the fairness of the transaction rests upon the defendant, the dominant party. *Gordon v. Thornton*, 584 S.W.2d 655, 658 (Tenn. Ct. App. 1979). The jury was instructed that the resulting confidential relationship that existed between the defendant and Ms. Carnahan shifted the burden of proof to the defendant to prove by clear and convincing evidence that the transaction was fair.

The presumption of undue influence can be rebutted to show fairness of the transaction with proof that the donor received independent advice. *Hogan v. Cooper*, 619 S.W.2d 516, 519 (Tenn. 1981); *Richmond v. Christian*, 555 S.W.2d 105, 107-08 (Tenn. 1977). In *Turner v. Leather*, the Supreme Court stated that "independent advice means that the adviser must not only be competent but independent" and adequate proof of independent advice includes:

Proper independent advice in this connection means that the donor had the [preliminary] benefit of conferring fully and privately upon the subject of his intended gift with a person who was not only competent to inform him correctly as to its legal effect, but who was furthermore so disassociated from the interests of the

donee as to be in a position to advise with the donor impartially and confidently as to the consequences to himself . . . of his proposed benefactions.

*Estate of Davis*, No. 01A01-9803-PB-00157, 1998 WL 832413, at * 5 (Tenn. Ct. App. Dec. 3, 1998) (citing *Turner v. Leather*, 232 S.W.2d 269, 271-72 (Tenn. 1950)).

The defendant argues that Ms. Carnahan received independent advice from attorney Taylor, the drafter of the 1993 will and power of attorney. The events in the making of the 1993 will and power of attorney were suspect. The defendant gave Ms. Carnahan attorney Taylor's name, the defendant made the appointment for her, and the defendant drove her to his office. The defendant was impeached at trial because he provided incorrect testimony regarding what he was doing at the time Ms. Carnahan was meeting with the attorney.

In *Childress v. Currie*, an exception to the rule that an unrestricted power of attorney creates a confidential relationship was made. *Childress v. Currie,* No. W1999-00471-COA-R3-CV, 2000 WL 1035952, at * 6 (Tenn. Ct. App. May 15, 2000). The undisputed, pertinent fact in *Childress* which led to the exception was that the defendant had no knowledge of the power of attorney until after execution of the will. *Id.* at *4-5. The power of attorney could not have been exercised when the will was executed without such knowledge. *Id.* Therefore, when the facts and circumstances reveal that the attorney-in-fact is unaware of an unrestricted power of attorney, a confidential relationship is not presumed.

Whether or not this exception is established by the proof is a question of fact to be decided by the jury. The trial court instructed the jury in pertinent part as follows:

A confidential relationship exists whenever the trust and confidence of one person is placed in the honesty and faithfulness of another.

There is a presumption that the will dated December 29, 1993 was obtained by the undue influence of Roy Lee Rippy because the unrestricted power of attorney dated December 29, 1993 naming Roy Lee Rippy as attorney-in-fact for Willetta Bonita Carnahan, in and of itself, creates a confidential relationship.

This presumption may be overcome if Roy Lee Rippy proves by clear and convincing evidence that the making of the will was not the result of undue influence.

In determining whether or not the presumption of undue influence is overcome, you may consider the facts and circumstances as you find them to be surrounding the making of the power of attorney, and the facts as you find them to be as to when Roy Lee Rippy knew of the power of attorney.

An unrestricted power of attorney creates a confidential relationship. And a confidential relationship, followed by a transaction wherein the dominant party receives a benefit from the other party, gives rise to a presumption of undue influence that may be rebutted only by clear and convincing evidence of the fairness of the transaction.

The most serious question presented on appeal involves the instruction to the jury relative to a confidential relationship created by the unlimited power of attorney executed contemporaneously with the will in favor of Roy Lee Rippy. The jury finding of undue influence does not disclose whether or not the jury found a confidential relationship to exist or simply held that the evidence established undue influence regardless of a confidential relationship. There is evidence in the record from which the jury could find that Roy Lee Rippy knew about the contemporaneous, unrestricted power of attorney at the time the will was executed and there is evidence in the record from which the jury could have found that he did not know. This is a credibility question not open to review on appeal from a jury verdict.

The trial court first charged the jury that the unrestricted power of attorney, in and of itself, created a confidential relationship shifting the burden of proof on undue influence to the defendant to establish by clear and convincing evidence that the making of the will was not the result of undue influence. Immediately thereafter, the trial court charged the jury that in determining whether or not this presumption of undue influence has been overcome by the defendant, they may consider the surrounding circumstances including "when Roy Lee Rippy knew of the power of attorney." Even if this instruction is erroneous under *Childress*, such error would be harmless in view of the specific finding by the jury that Ms. Carnahan was of unsound mind at the time the will was executed. The issue of undue influence need not be addressed when there has been a finding by the jury that the deceased was incompetent to make a will at the time of execution. *Borenstein v. Blumenfeld*, 299 S.E.2d 727, 729 (Ga. 1983).

The next issue is whether findings of both undue influence and unsoundness of mind are in conflict. Special findings such as undue influence and unsoundness of mind are not conflicting and do not invalidate a general verdict denying the validity of a will. *Matter of Anderson's Estate*, 196 Neb. 787, 246 N.W.2d 586 (Neb. 1976); *Borenstein*, 299 S.E.2d at 729. It was proper to submit both issues of undue influence and unsoundness of mind to the jury. If either of the jury findings of undue influence or incompetency is supported by the evidence, the invalidity of the will should be sustained.

A proponent of a will who has been adjudged by a jury guilty of undue influence should not be entitled to recover for his costs incurred in trying to enforce the will obtained by his undue influence. *Mitchell v. Smith*, 779 S.W.2d 384 (Tenn. Ct. App. 1989). The adjudication of costs is in the broad discretion of the trial judge and is reviewable only for manifest abuse. *Goodall v. Crawford*, 611 S.W.2d 602, 607 (Tenn. Ct. App. 1980). The trial court did not err in assessing costs against the defendant and in not awarding the defendant attorney's fees. We find that the jury findings of incompetency and undue influence should be sustained.

CONCLUSION

From the evidence in the record we find that there was substantial, material evidence to support the verdict of the jury that Ms. Carnahan was of unsound mind on December 29, 1993, such that she lacked the capacity to make a will on that date. Likewise, there is substantial, material evidence to support the finding of the jury that the 1993 will was procured by undue influence exercised upon her by the defendant, Roy Lee Rippy.

The judgment of the trial court is in all respects affirmed and costs are taxed against the defendant.

The case is remanded to the trial court for the collection of costs and such other proceedings as are deemed proper.

_____
WILLIAM B. CAIN, JUDGE