IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, May 21, 2003

IN RE: ESTATE OF FLORA ELIZABETH KING, DECEASED
WILLIAM H. "BUD" OWNBY, et al., PLAINTIFF/APPELLANT v. JOHN
B. OAKLEY, EXECUTOR DEFENDANT/RESPONDENT

Direct Appeal from the Circuit Court for Sevier County
No. 2001-0661/11     Hon. Richard R. Vance, Circuit Judge

FILED AUGUST 11, 2003

No. E2002-01745-COA-R3-CV

In this will contest, the Trial Court granted the Executor summary judgment upholding the Will. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jason S. Randolph, Dandridge, Tennessee, for Appellant.

Charles R. Edwards, Sevierville, Tennessee, for Appellee.

OPINION

This action was filed by the siblings of the deceased, to contest the decedent's Will, and the Complaint alleges that the named executor and beneficiary, John B. Oakley, had presented the Will for probate, and it is alleged that the purported Will was not valid, and that Oakley exerted undue influence on decedent in the making of the Will.

The Trial Court granted the executor's Motion for Summary Judgment and found that the Will was "approved and admitted to probate in all respects" and that the Will was witnessed by two persons, Sherril Bradley and Don Utterback. The Court found that Mr. Bradley notarized decedent's signature, and he was a witness to the Will as well. The Court further found there was

no evidence to show undue influence or that decedent was of unsound mind.

Plaintiffs have appealed, and their statement of issues is:

Whether the Trial Court properly granted Appellee/Defendant's Motion for Summary Judgment?

It is mandatory by Rule 27, Tenn. R. App. P., that the appellant's brief "shall" set forth a statement of the issues presented for review. The stated issue is too vague to subject the record to review. However, arguments are made in the body of the brief, and we suspend the requirement of Rule 27, pursuant to Rule 2, Tenn. R. App. P., and consider the issues set forth in the argument portion of the brief.

First, plaintiffs argue that the Will was not properly executed, as required by statute. The statutory requirements[1] are two witnesses sign in the presence of the testator and in the presence of each other. Plaintiffs insist that the witnesses did not sign the Will at the same time, because Bradley put a date of February 18, 2002 under his signature, and the other signatures bear the date of February 15, 2000. Bradley explained in his deposition, however, that this date was not the date which he signed the document (and clearly the Will was executed in 2000, rather than 2002), but rather, was the date his notary commission expired. Bradley presented his notary bond which shows that it did indeed expire on February 18, 2002.

Further, Bradley testified unequivocally that when he went to the testatrix's house, Don Utterback was there as well and the testatrix told them the document was her last will and testament and asked them to witness it. Bradley testified that he witnessed the testatrix and Utterback signing the Will and that they were all in the same room at the same time. The affidavit of the attesting witness, Utterback, states that the Will was signed by decedent in his presence, and that he signed in her presence.

No countervailing proof was offered by plaintiffs in response to the Motion for Summary Judgment and supporting documents on this issue. The Supreme Court has explained:

Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that

---

[1]Appellants have apparently abandoned the argument they advanced in the Trial Court regarding whether Mr. Bradley was a proper witness. It appears, however, that Mr. Bradley could count as the second witness to the will since the will statute does not require a will to be notarized, and since this Court has recognized that a notary can attest to a signature in his/her individual or official capacity. *See* Tenn. Code Ann. §32-1-104; *Battles v. First Union Bank*, 1999 WL 675126 (Tenn. Ct. App. Sept. 1, 1999); *Goodman Factors, Inc. v. Meagan's Reflections, Inc.*, 1995 WL 672743 (Tenn. Ct. App. Nov. 13, 1995). Bradley testified several times that he was asked to both witness and notarize the will.

there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment ... shall be entered against him."

*Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).

Next, plaintiffs argue that Bradley in his deposition could not remember whether the "blanks" in the will were properly filled in with Mr. Oakley's name as a beneficiary.[2] Bradley testified that he did not read the Will and could not remember whether the blanks were filled in at that time. He also testified that he did not customarily read a will before witnessing or notarizing it, and thus simply could not say whether Oakley's name was written on it or not. Plaintiffs presented no proof that the blanks were not filled in at the time the Will was executed. Rather, they attempted to create an issue of fact based upon Bradley's lack of recall on this question. Other witnesses testified, however, that they had been shown the Will by decedent and Oakley was named as beneficiary, and many witnesses testified that decedent had expressed an intent to give her estate to Oakley. We conclude this issue is without merit.

Finally, plaintiffs argue that Oakley exerted undue influence over decedent in the making of the Will. They argue that they have shown evidence of a confidential relationship wherein Oakley was the dominant party. The record does not support this conclusion, however, as plaintiffs presented no proof, other than the fact that Oakley spent time at decedent's house helping with things that needed to be done, and was observed on one occasion massaging her feet. The undisputed evidence from other witnesses established that Oakley was a friend and helpful to decedent. Proof of a confidential relationship requires establishing some fiduciary duty, or "that elements of dominion and control that would tend to destroy the free agency of the donor be shown to invoke the presumption of undue influence." *Matlock v. Simpson*, 902 S.W.2d 384, 385 (Tenn. 1995). There is no evidence in the record to create a presumption of undue influence by Oakley, and we hold on this record that the Trial Judge properly granted a summary judgment to defendant.

The cost of the appeal is assessed to William H. "Bud" Ownby, Alfred Ownby, Luke Ownby, and Mattie B. Trentham.

_____
HERSCHEL PICKENS FRANKS, J..

_____

[2]The beneficiary's name was written in longhand in the blanks in the typewritten Will.

-3-